# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CENTURY SURETY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:22-cv-04206 |
| v. ) | |
| ) | |
| CANINE THERAPY CORPS, INC., and ) | |
| STEPHEN L. KUNKEL, ) | |
| ) | Jury Demand |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, CENTURY SURETY COMPANY, by and through its counsel, HEPLERBROOM LLC, and for its Complaint for Declaratory Judgment against Defendants, CANINE THERAPY CORPS, INC., and STEPHEN L. KUNKEL, states and alleges as follows:

## THE PARTIES

1. Plaintiff, Century Surety Company ("Century Surety"), is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 550 Polaris Parkway, Suite 300, Westerville, Ohio.

2. At all times relevant, Century Surety was and is in the business of issuing commercial insurance policies in the State of Illinois.

3. Defendant, Canine Therapy Corps, Inc. ("CTC"), was and is a domestic corporation organized and existing under the laws of the State of Illinois, with its principal place of business located in Cook County, Illinois.

4. Defendant, Stephen L. Kunkel ("Kunkel") is a citizen and resident of Cook County, Illinois, and the plaintiff in *Kunkel vs. Canine Sports Dog Training Limited, et al.,* pending in the Circuit Court of Cook County, Illinois, under Cause No. 2022CH00177.

5. Defendant Kunkel is named as a Defendant because, as an underlying tort plaintiff, he is a necessary party to this action. Century Surety will dismiss this Defendant from this action if he stipulates to be bound by the judgment or settlement entered in this action.

## JURISDICTION AND VENUE

6. Century Surety brings this insurance coverage action pursuant to Federal Rule of Civil Procedure No. 57 and the Declaratory Judgment Act, 28 U.S.C. §2201 and §2202, and for the purpose of determining the parties' rights and indemnification obligations, if any, under a policy of insurance, and seeking a declaration that it has no duty to defend CTC under a certain insurance policy issued by Century Surety, with respect to the underlying litigation identified in this Complaint.

7. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332(a)(1), because Kunkel seeks in excess of $75,000 in the underlying lawsuit, and this action is between citizens of different states.

8. This Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k)(1)(A). CTC and Kunkel are residents and citizens of Cook County, Illinois.

9. Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(1) and (a)(2), in that the lawsuits that are the subject of this insurance coverage action were filed in this District.

10. This matter is ripe for adjudication as there is an actual and justiciable controversy between the parties as to Century Surety's rights, duties and obligations under its policy of insurance, as more fully described below.

## THE UNDERLYING LAWSUIT

11. On June 21, 2022, Stephen L. Kunkel filed an Amended Verified Complaint in the Circuit Court of Cook County, Illinois, styled *Kunkel vs. Canine Sports Dog Training Limited, et*

*al*, under Cause No. 2022CH00177 (the "Underlying Lawsuit"). A true and correct copy of the Amended Verified Complaint is attached as Exhibit A.

12. The Underlying Lawsuit alleges that Kunkel purchased a German Shepherd with the intent to have him trained as a guard/protection dog, and to earn his Protection Dog Certificate in the Protective Sports Association.

13. The Underlying Lawsuit alleges that Kunkel entered into an oral agreement with Canine Sports Dog Training Limited ("CSDT"), through its owners, officers, and employees, Natalie Ridge ("Ridge") and Emily Stoddard ("Stoddard") (collectively, the "CSDT Defendants"), for CSDT to provide intensive foundational training for both obedience and sport (bite) for the dog.

14. The Underlying Lawsuit alleges that Kunkel allowed Stoddard to take possession of the dog, for protection and bite work training, with the understanding that the training would be finished in time for the dog to obtain its Protection Dog Certification by February 2021.

15. The Underlying Lawsuit alleges that in June, July, and August 2021, Kunkel requested CSDT and Stoddard to return the dog and they either refused or ignored his requests.

16. The Underlying Lawsuit alleges that on December 22, 2021, Kunkel issued a demand to all underlying defendants, including CTC, for the dog's return.

17. The Underlying Lawsuit alleges that CTC hosts dog training events at its facility in Chicago, Illinois, and that in early 2021, CTC began assisting the CSDT Defendants in preventing him from seeing or obtaining possession of the dog.

18. The Underlying Lawsuit alleges claims of conversion, trespass to chattel, and civil conspiracy against CTC.

19. In the conversion count, the Underlying Lawsuit alleges, in part, that despite Kunkel's immediate right to possession and repeated requests for the dog's return, CTC refused to deliver possession.

20. In the trespass to chattel count, the Underlying Lawsuit alleges, in part, that Ridge and Stoddard wrongfully assumed and retained control over the dog, and that CTC actions in refusing to return the dog, constituted an intentional dispossession of the dog.

21. In the civil conspiracy count, the Underlying Lawsuit alleges, in part, that CTC knowingly and voluntarily worked with Ridge and Stoddard to repeatedly keep the dog away from him.

## THE CENTURY SURETY POLICY

22. Century Surety issued policy numbered CCP 851380 to The Certification Council for Professional Dog Trainers & PTS 1208 1103, as named insured (the "Policy"). Said policy provided commercial general liability insurance. A certified copy of the Policy is attached as Exhibit B.

23. Canine Therapy Corps qualifies as an insured on the Policy, subject to the Policy's terms, conditions, and exclusions.

24. With respect to Coverage A, the Policy extends coverage, in part, as follows:

*SECTION I – COVERAGES*

*COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

*1. Insuring Agreement*

> *a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or*

4

> *"property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*

*\*\*\*\*\**

25. The Policy contains a "Limitation of Coverage to Designated Operations, Premises or Projects" endorsement which provides, in part, as follows:

1. *Paragraph **1.b.** under Section **I** – Coverages, Coverage **A** – Bodily Injury and Property Damage Liability is deleted in its entirety and replaced by the following:*

   b. *This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:*
      *(1) The "bodily injury" or "property damage":*
         *(a) Arises or is alleged to arise out of any operation(s) shown in the Schedule above; and*

*\*\*\*\*\**

26. The designed operations are set forth in the Endorsement as follows:

    ***Operation(s) – as designated per individual Insurance Certificate(s):***

    ***Dog Trainers*** *(including basic obedience, agility, search and rescue, tracking, hunting, therapy, service)/**domestic Pet Trainers/Pet First Aid Instructors*** *(Applies only to Pet CPR – First Aid; no Veterinary Professional Services)/**Pet Detectives/Pet Massage/Pooper Scoopers/Pet Daycare-Kennel-Boarding/Pet Sitting - Dog Walking/Pet Grooming/Therapy Dog Handler***

27. The Policy contains the following definitions:

13. *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All "bodily injury" or "property damage" arising out of an "occurrence" or series of related "occurrences" is deemed to take place at the time of the first such damage or injury even though the nature and extent of such damage or injury pay change; and even though the damage may be continuous, progressive, cumulative, changing or evolving; and even though the "occurrence" causing such "bodily injury" or "property damage" may be continuous or repeated exposure to substantially the same general harmful conditions."*

17. *"Property damage" means:*

5

*a.* *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*

*b.* *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

*\*\*\*\*\**

28. Coverage A contains the following exclusion which precludes coverage as follows:

*This insurance does not apply to:*

**a.** ***Expected Or Intended Injury***

*"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury resulting from the use of reasonable force to protect persons or property.*

29. With respect to Coverage B, the Policy extends coverage, in part, as follows:

*SECTION I – COVERAGES*

*COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY*

*1.* ***Insuring Agreement***

*a.* *We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*

*\*\*\*\*\**

30. The Policy defines "personal and advertising injury" as follows:

*14.* *"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:*
*a.* *False arrest, detention or imprisonment;*
*b.* *Malicious prosecution;*

6

  *c.* *The wrongful eviction from or the wrongful entry into or the invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, provided that such wrongful eviction, wrongful entry or invasion of the right of private occupancy was committed by or on behalf of the room's, dwelling's or premises' owner, landlord or lessor.*

  *d.* *Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services.*

31. By way of endorsement, the Policy contains an absolute exclusion for certain designated operations, which excludes coverage as follows:

### ABSOLUTE EXCLUSION – DESIGNATED OPERATIONS

*\*\*\*\*\**

*The following exclusion is added to Section **I**., paragraph **2**., Exclusions, of Coverage **A**, Bodily Injury and Property Damage Liability and to Section **I**., paragraph **2**., Exclusions, of Coverage **B**., Personal and Advertising Injury.*

*Designated Operations*

*1.* *This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" for any of the Designated Operations as described in the Schedule of this endorsement shown above.*

 *This exclusion applies regardless of where such operations are conducted by you or on your behalf.*

*2.* *We shall have no duty to defend or indemnify any claim, demand, suit, action, litigation, arbitration, alternative dispute resolution or other judicial or administrative proceeding seeking damages, equitable relief, injunctive relief, or administrative relief where:*

  *a.* *Any actual or alleged injury arises out of a chain of events that involve any of the Designated Operations described in the Schedule above regardless of whether those activities are the initial precipitating event or substantial cause of injury; or*

  *b.* *Any actual or alleged injury arises out of any of the Described Operations as a concurrent cause of injury, regardless of whether those activities are the proximate cause of injury.*

7

32. The excluded, designated operations include "Specialized Dog Training for Protection or Guard, Attack or Fighting, Police Work."

### COUNT ONE
*No Duty to Defend or Indemnify*

33. Century Surety adopts and realleges the allegations of Paragraphs 1 through 32 as Paragraph No. 33 as though the same were fully set forth herein.

34. Century Surety has no duty or obligation to defend or indemnify CTC under the conditions and exclusions of Coverage A of the Policy, in connection with the Underlying Lawsuit based on the following:

   a. The Underlying Lawsuit does not allege an "occurrence;"
   b. Alternatively, the "expected or intended injury" exclusion precludes coverage;
   c. The Underlying Lawsuit does not allege "personal and advertising injury;" and
   d. The Underlying Lawsuit alleges injury or damage for designated operations that are excluded from coverage.

WHEREFORE, Plaintiff, CENTURY SURETY COMPANY, respectfully requests that this Court, pursuant to the Declaratory Judgment act, 28 U.S.C. §2201(a), enter a declaratory judgment in its favor and against Defendants, and specifically find, declare and order that Century Surety has no duty to defend or indemnify Canine Therapy Corps, Inc., in connection with the Underlying Lawsuit, and for any and all other relief that this Honorable Court deems necessary and just.

Respectfully submitted,

By: */s/ Amy E. Johnson*
One of the Attorneys for
CENTURY SURETY COMPANY

8

Amy E. Johnson
HEPLERBROOM LLC
70 West Madison Street, Suite 2600
Chicago, Illinois 60602
(312) 205-7726
amy.johnson@heplerbroom.com